IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| CAITLIN SMITH, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-12-1776 |
| WILLIAM E. PALIN, JR, M.D., | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM & ORDER

Caitlin Smith ("Plaintiff") brought this suit against William E. Palin, Jr., M.D. ("Defendant"), alleging negligence and a failure to obtain informed consent in violation of Maryland state law. Defendant now moves to dismiss the complaint. The issues have been briefed and no oral argument is required. Local Rule 105.6. For the reasons set forth below, Defendant's Motion to Dismiss (ECF No. 4) is DENIED.

### I.   BACKGROUND[1]

In May 2006, Plaintiff, then a 16-year-old girl, consulted Defendant for treatment of a condition known as tubular breast deformity. (Compl. ¶ 5, ECF No. 1.) Defendant recommended that Plaintiff undergo bilateral breast augmentation as treatment for her condition, and on June 2, 2006, Defendant performed the procedure. (*Id.* ¶¶ 6, 7.)

Plaintiff alleges that Defendant negligently performed the surgery, and that Defendant failed to obtain her properly informed consent before performing the surgery. (*Id.* ¶¶ 10-13, 14-

---

[1] The facts are recited here as alleged by the Plaintiff, this being a motion to dismiss. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

17.)  As a result, Plaintiff suffered various injuries, and eventually she was forced to undergo additional surgery to correct certain complications and replace the implants.  (*Id.* ¶¶ 7, 8.)

On February 11, 2011, Plaintiff filed a statement of claim and a claim form with the Maryland Health Care Alternative Dispute Resolution Office ("HCADRO").  (Def. Br. at 2, ECF No. 4.)  On May 5, 2011, Plaintiff filed with HCADRO a motion, pursuant to MD. CODE ANN. CTS. & JUD. PROC. ("CJP") § 3-2A-04(b)(1)(ii), to extend the time for filing the expert certificate required by Maryland law.[2]  (*Id.*)  The Director of HCADRO granted this first motion and extended the deadline to August 9, 2011.  (*Id.*)  Over the next seven months, Plaintiff filed three additional motions with HCADRO to extend the same deadline pursuant to CJP § 3-2A-04(b)(5).  (*Id.*)  The HCADRO Director granted each of these motions.  (*Id.*)  On February 6, 2012, Plaintiff filed an expert certificate and report with HCADRO.  (*Id.* at 3.)

On April 10, 2012, Plaintiff filed an election to waive arbitration with HCADRO.  (*Id.*) On June 15, 2012, Plaintiff filed this suit alleging negligence and lack of informed consent.  Defendant now moves to dismiss the complaint on the basis that the Plaintiff failed to file the expert certificate within the time limit, because the HCADRO Director abused his discretion in granting the second, third and fourth extensions of time.  (*Id.* at 5.)

## II.    STANDARD OF REVIEW

HCADRO is "an administrative agency within the Executive Branch" of the State of Maryland.  *Navarro-Monzo v. Wash. Adventist Hosp.*, 844 A.2d 406, 412 (Md. 2004).  Courts in Maryland "must afford [to the HCADRO Director] at least the same deference that [they] afford to other administrative agencies in making discretionary decisions."  *Id.*  The Director's findings

---

[2] In his briefs, Defendant states that this motion was filed on March 5, 2011.  However, the copy of the motion provided to the Court by Defendant is dated May 4, 2011 and was stamped received by the HCADRO on May 5, 2011.  (Def. Br. at 2; Def. Br. Ex. A, p.8.)  In addition, the Court notes that both parties mistakenly identify the relevant provision as CJP § 3-2A-04(b)(2)(ii).

of good cause under § 3-2A-04(b)(5) are discretionary. *Carroll v. Konits*, 929 A.2d 19, 30 (Md. 2007). In order to set aside such a decision, the moving party must demonstrate that the Director violated the law by abusing that discretion. *See id.*

### III. ANALYSIS

Under Maryland law, in order to bring a claim against a health care provider, a claimant must file with the HCADRO Director an expert certificate attesting to certain statutory requirements, including a departure from the standard of care, within 90 days after the filing of the complaint. *See* CJP § 3-2A-04(b)(1)(i). The claim "shall be dismissed" if the claimant fails to file the expert certificate, except that "the panel chairman or the court shall grant an extension of no more than 90 days for filing" if (1) the applicable limitations period has expired; and (2) the failure to file the certificate was neither willful nor the result of gross negligence. *Id.* § 3-2A-04(b)(1)(i)-(ii). This extension is "granted automatically in lieu of dismissal," even if the Plaintiff does not request it. *McCready Mem'l Hosp. v. Hauser*, 624 A.2d 1249, 1256 (Md. 1993).

In addition to extensions under subsection (b)(1)(ii), the statute provides that extensions "shall be granted for good cause shown." CJP § 3-2A-04(b)(5). These extensions "are discretionary and without time limitations, so long as the [c]laimant demonstrates good cause." *Carroll*, 929 A.2d at 30; *see also McCready*, 624 A.2d at 1255 (describing good cause extensions as "malleable"). HCADRO retains discretion to grant a subsection (b)(5) extension even when the motion is filed after the initial 180-day period. *Baublitz v. Peninsula Reg'l Med. Ctr.*, No. 10 Civ. 819 (WMN), 2011 WL 3273059, *5 (D. Md. July 28, 2011) (collecting and analyzing relevant case law).

Defendant moves to dismiss Plaintiff's claims on the basis that the HCADRO Director abused his discretion in granting the second, third and fourth extensions of time for Plaintiff to file an expert certificate, because the facts in this case did not constitute "good cause" to justify an extension under CJP § 3-2A-04(b)(5).[3]

Defendant has not established that the HCADRO Director abused his discretion by granting Plaintiff's three extensions for good cause pursuant to § 3-2A-04(b)(5). Defendant argues that the explanations in Plaintiff's motions seeking the subsection (b)(5) extensions—that "Claimant has requested but has not yet received all studies from treating physicians in Pennsylvania, including photographs of Claimant's condition which are material to assessing whether or not the [Defendant] complied with standards of care"—do not constitute good cause. It is true that Plaintiff's motions for the subsection (b)(5) extensions contain only the briefest statements of the facts supporting good cause. But the HCADRO Director has authority to establish the practices of his agency within the bounds of the law, including authority to determine the minimum factual showing that constitutes a *prima facie* showing of good cause. The Director decided that Plaintiff's unchallenged factual representation sufficiently demonstrated that Plaintiff exercised the required degree of diligence. *See Kearney v. Berger*, 7 A.3d 593, 614 (Md. 2010) ("justification for a good cause extension may exist when the complaining party exercised that degree of diligence that an ordinarily prudent person would

---

[3] In response, Plaintiff contends that the "good cause" standard is met whenever the requirements of CJP § 3-2A-04(b)(1)(ii) are met, because the requirements of subsection (b)(1)(ii)(2) define good cause whenever the statute of limitations applicable to the claim has expired. Under this construction, a claimant could seek and receive a series of subsection (b)(5) extensions after the limitations period had expired by demonstrating only that the failure to file the expert certificate was neither willful nor the result of gross negligence. This interpretation is inconsistent with CJP § 3-2A-04 and controlling case law. *See Navarro-Monzo*, 844 A.2d at 410 ("Once the 180 days had run, however, no further extension was permitted under § 3-2A-04(b)(1)."). Under Maryland law, plaintiffs are entitled to only one extension under subsection (b)(1)(ii). *McCready*, 624 A.2d at 1257 ("Where a claimant seeks a § 3-2A-04(b)(1)(ii) extension, it must file the expert's certificate within the second 90-day period, *i.e.*, within 180 days from the initial filing of the claim."). The Director does not have the power to grant successive extensions under subsection (b)(1)(ii); that limitation would be meaningless if he were empowered to grant successive extensions under subsection (b)(5) whenever the requirements of subsection (b)(1)(ii) were met.

have exercised under the same or similar circumstances") (internal citations and quotation marks omitted). That decision was within the permissible range of the HCADRO Director's discretion.

Furthermore, the proper forum for Defendant to challenge these extensions was before the HCADRO in the first instance.[4] This Court is not prepared to review such interlocutory issues absent evidence of a clear violation of the law. *See Larson v. Peninsula Reg'l Med. Ctr.*, 993 F. Supp. 373, 374 (D. Md. 1998) ("[T]here is no question that the plaintiffs specifically sought, and obtained, a 'good cause' exception at the panel level . . . This Court will not second-guess the panel chairman's determination of good cause.").

### IV.    ORDER

Accordingly, it is ordered that Defendant's Motion to Dismiss (ECF No. 4) is DENIED.

Dated this 11th day of September, 2012

BY THE COURT:

/s/
James K. Bredar
United States District Judge

---

[4] Defendant alleges that he was not notified of the claim by HCADRO, as required under CJP § 3-2A-04(a)(1)(ii), and did not learn of the allegations until Plaintiff brought this suit. (Def. Br. at 2.) If that is true, then Defendant had no opportunity to challenge these extensions before HCADRO. The Court recognizes that a longer or demonstrably intentional failure by HCADRO to notify a health care provider of pending claims could rise to the level of an abuse of discretion. This is not that case. Furthermore, the Court notes that even if the HCADRO's failure to notify Defendant constituted an abuse of discretion, this Court has the authority to grant a subsection (b)(5) extension retroactively. *See Kearney*, 7 A.3d at 613 n.14 (the trial court has authority to make good cause determinations). Although the Court need not reach this issue, Plaintiff appears to have relied on the extensions granted by HCADRO. The Maryland Court of Appeals has identified circumstances in which "representations [] made by government representatives are misleading" as potentially constituting good cause. *See id.* (internal citations and quotation marks omitted).